1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   Edwin Arthur Ehlers II,                    Case No. 11cv882 BTM (POR)

12                              Plaintiff,       **ORDER DISMISSING SECTION**
                                                 **2255 MOTION**
13          v.

     United States of America,
14
                             Defendant.
15

16          For the reasons set forth below, the Court VACATES its order entered July 22, 2011,

17   construing Mr. Ehlers' 28 U.S.C. § 2255 motion as a 28 U.S.C. § 2241 petition, and

18   DISMISSES the § 2255 motion.

19

20   **Background**

21          On August 21, 2007, a general court-martial at the United States Marine Corps Base

22   Camp Pendleton convicted Edwin Arthur Ehlers II of sodomy with a child under the age of

23   12 years, assault consummated by a battery upon a child under 16 years and indecent

24   liberties with a child under the age of 16 years, in violation of Articles 125, 128 and 134,

25   Uniform Code of Military Justice, 10 U.S.C. §§ 925, 928 and 934.1.  (Dkt. 1; Dkt. 13, Ex. A

26   at 2-3.)  Mr. Ehlers was sentenced to confinement for 25 years, forfeiture of all pay and

27   allowances, reduction to pay grade E-1, and a dishonorable discharge.  (Dkt. 13, Ex. A at 2-

28   3.) The convening authority subsequently reduced the petitioner's confinement to 19 years.

(Id.)

On April 21, 2011, Mr. Ehlers filed a motion pursuant to 28 U.S.C. § 2255 alleging constitutional errors in his court-martial including denial of his right to counsel, ineffective assistance of counsel in violation of the Sixth Amendment and withholding of exculpatory evidence. (Dkt. 1.) In an order entered July 22, 2011, the Court found that Plaintiff could not satisfy the jurisdictional requirements of § 2255(a) because this Court did not impose the challenged sentence. In that same order, the Court construed Plaintiff's pleading as a habeas petition under 28 U.S.C. § 2241 and ordered the parties to show cause why this case should not be transferred to the District of Kansas (the district of Plaintiff's confinement). (Dkt. 5.)

**Discussion**

This Court initially construed Mr. Ehlers' § 2255 motion as a § 2241 petition because § 2241 is the only avenue provided by the habeas statutes for a military prisoner to collaterally attack a court-martial conviction. Section 2255(e) states:

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, *to the court which sentenced him*, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"

(Emphasis added.) It is impossible for a military prisoner to move under § 2255 before "the court which sentenced him" because "courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved." Witham v. United States, 355 F.3d 501, 505 (6th Cir. 2004). Thus "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of detention." 28 U.S.C. § 2255(e); see also Witham, 355 F.3d at 505 ("This clause applies to the military prisoner . . . ."). Additionally, neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides for collateral review within the military courts. Consequently, military prisoners seeking to collaterally attack their convictions may do so only by filing a § 2241 petition. See Prost v. Anderson, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than

the exception when a military prisoner seeks to challenge the results of his [court-martial].");
Witham, 355 F.3d at 505 (same).

"Section 2255 is not a different form of relief from § 2241" when the latter is used by a military prisoner to challenge his court-martial conviction.  Witham, 355 F.3d at 505. However, the proper procedure for filing a § 2241 petition is different in key respects.

First, the respondent in a § 2241 petition must be "the person who has custody over [the petitioner]."  28 U.S.C. § 2242.  In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the Supreme Court clarified that the person who has custody over the petitioner is the petitioner's *immediate custodian.*  "[I]n habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some remote supervisory official." Padilla, 542 U.S. at 435 (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973); Wales v. Whitney, 114 U.S. 564, 574 (1885)).

Second, 28 U.S.C. § 2241 states that "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."  This limitation, combined with the requirement that the petitioner name his immediate custodian as the respondent, "compose[s] a simple rule . . . :  Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the *district of confinement.*"  Padilla, 542 U.S. at 447 (emphasis added).

In his concurring opinion in Padilla, Justice Kennedy suggested that "[o]nly in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found."  Id. at 454 (Kennedy, J., concurring).  These exceptional cases arise "in cases of nonphysical custody, . . . of removal of the prisoner from the territory of a district after a petition has been filed," and in cases where the Government has purposefully made it difficult to file in the district of confinement by moving the prisoner or concealing information.  Id.

3

Mr. Ehlers is currently confined in Fort Leavenworth, Kansas.  Under the rule articulated in Padilla, the proper respondent for Mr. Ehler's habeas petition would be the warden of that facility, and the only district court having jurisdiction over his petition would be the United States District Court for the District of Kansas.

Neither of Mr. Ehlers' two central arguments persuades the Court to depart from this straightforward application of Padilla.  First, citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973), Mr. Ehlers argues that his "'custodian' is the United States Government," and therefore it is "not necessary for the prisoner to be in the 'territorial jurisdiction' of the district court where the habeas corpus petition is brought." (Dkt. 17 at 5.) In Braden, the Supreme Court allowed the petitioner, who had been convicted of felonies in Alabama state court and was incarcerated in Alabama, to challenge a separate Kentucky indictment in federal court in Kentucky by petitioning pursuant to § 2241.  Braden, 410 U.S. at 484.  The challenged Kentucky indictment was not the cause of his incarceration in Alabama, but it could have prejudiced his opportunity for parole in the future.  Id. at 485.  In Padilla, the Supreme Court distinguished Braden on the grounds that Braden did not involve a challenge to the petitioner's *present physical confinement*.  Padilla, 542 U.S. at 444.  Mr. Braden's § 2241 petition did not need to name the Alabama prison warden as a respondent because the Alabama warden was not his immediate custodian with respect to the challenged custody.  Since Mr. Ehlers challenges his *present* physical confinement, a "core habeas challenge," Padilla controls this case, not Braden.  See id. at 443 ("[F]or *core habeas petitions challenging present physical confinement*, jurisdiction lies in only one district: the district of confinement. . . . [W]e fail to see how Braden[] . . . alters the district of confinement rule for challenges to present physical custody.") (emphasis added).

Second, Mr. Ehlers argues that the Southern District of California would be a more convenient forum:

> The material of [sic] events to the petition in this court [sic] occurred in Southern California.  The witnesses to the events underlying the issues raised in the habeas petition such as trial counsel, defense counsel, the presiding military judge, NCIS agents, the alleged victim and her parents are all connected to the Marine Corps and/or Camp Pendleton in Southern California. The records of the court martial [sic] are also located in Southern California."

4

11cv882 BTM (POR)

1  (Dkt. 17 at 4.)  On the other hand, concerns such as the expense and risk associated with

2  the potential need to transport Mr. Ehlers across the country favor litigating this matter in

3  Kansas.  Regardless, "venue considerations that apply to other sorts of civil lawsuits" do not

4  govern habeas proceedings.  <u>Padilla</u>, 542 U.S. at 452-53 (Kennedy, J., concurring).  None

5  of the concerns articulated by Mr. Ehlers affect the requirement that Mr. Ehlers name the

6  warden of his prison facility as the respondent in a proper § 2241 petition, nor do they confer

7  jurisdiction over the warden on this Court.  Thus, in light of "the habeas statutes and the

8  cases interpreting them," the concerns raised by Mr. Ehlers relating to the convenience of

9  litigating this matter in San Diego are insufficient to properly place Mr. Ehlers' challenge

10  before this Court.  <u>See</u> <u>id</u>.

11

12  **<u>Conclusion</u>**

13       Based on the forgoing, the Court concludes that the District of Kansas, Mr. Ehlers'

14  district of confinement, is the only district with jurisdiction to hear a § 2241 petition from Mr.

15  Ehlers.

16       Additionally, since this Court lacks jurisdiction over Mr. Ehlers' § 2241 petition, this

17  Court did not have jurisdiction to construe Mr. Ehlers' § 2255 motion as a § 2241 petition

18  (Dkt. 5 at 1).  <u>See</u> <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1980) ("Because

19  Brown is confined in the federal penitentiary in Leavenworth, Kansas, any complaints he has

20  against the parole authorities must be addressed to the district court in the district of his

21  confinement.  Moreover, because the court below lacked jurisdiction [over] the parole board,

22  it could not construe Brown's § 2255 petition as a § 2241 petition.").  Thus, the Court hereby

23  VACATES its order entered on July 22, 2011 (Dkt. 5) construing Mr. Ehlers' § 2255 motion

24  as a § 2241 petition.

25       Since § 2255 is not an available remedy for Mr. Ehlers to challenge his conviction by

26  court-martial, the present § 2255 motion must be dismissed.  Consequently, this Court

27  DISMISSES Mr. Ehlers § 2255 motion, without prejudice to the filing of a § 2241 petition in

28  the District of Kansas.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: <u>October 6, 2011</u>

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

11cv882 BTM (POR)